**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

OMARI SHABAZZ JONES,

Petitioner,

v.

Civil No. 2:23-cv-02245-MSN-tmp
Criminal No. 2:21-cr-20189-MSN-1

UNITED STATES OF AMERICA,

Respondent.

---

**ORDER DISMISSING § 2255 MOTION AS MOOT, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS* ON APPEAL, AND DENYING ALL OTHER PENDING MOTIONS AS MOOT**

---

Before the Court is Petitioner Omari Shabazz Jones' *pro se* Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Petitioner filed his § 2255 Motion on April 24, 2023; the Government responded on August 1, 2023 (ECF No. 10); and Petitioner replied on October 10, 2023 (ECF No. 13). Petitioner also filed a motion for judgment on the pleadings (ECF No. 6) and a motion to hold his § 2255 Motion in abeyance (ECF No. 14). The Government filed a supplemental response on August 12, 2026 (ECF No. 23). For the reasons that follow, Petitioner's § 2255 Motion (ECF No. 1) is **DISMISSED AS MOOT**; his Motion for Judgment on the Pleadings (ECF No. 6) and his Motion to Hold in Abeyance (ECF No. 14) are both **DENIED AS MOOT**.

**<u>BACKGROUND</u>**

On June 21, 2022, Petitioner pleaded guilty to one count of being a convicted felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (*See* Crim. No. 21-cr-20189-

MSN, ECF No. 46.) On October 26, 2022, the Court sentenced him to thirty (30) months of incarceration, to be followed by three (3) years of supervised release. (*Id.*, ECF No. 58.) He did not appeal to the United States Court of Appeals for the Sixth Circuit.

The Court received Petitioner's § 2255 Motion on April 24, 2023. (ECF No. 1.) Petitioner argues that he received ineffective assistance of counsel at sentencing because counsel failed to request a downward departure pursuant to United States Sentencing Guidelines ("U.S.S.G") § 5K2.1. (*Id.* at PageID 3.) Specifically, he argues that a departure under § 5K2.1 was warranted because: (1) he had been shot in the foot and robbed approximately ten (10) months prior to the offense; (2) he had been shot in the arm and robbed approximately six (6) months prior to the offense; and (3) he had been attacked while shopping in Dollar General on November 11, 2019. (*Id.* at PageID 4.) He asserts that he "possessed a firearm based on the fact he was repeatedly targeted during that time period." (*Id.* at PageID 4-5.) He argues that he asked counsel "whether it was possible to receive a downward departure in mitigation. Counsel told [him] that he could not." (*Id.* at PageID 5.) Petitioner faults counsel for not raising the incidents set forth above in support of a departure and for failing to argue that Petitioner "acted only in self-defense." (*Id.* at PageID 5-6.)

In its initial response, the Government argues that Petitioner has not demonstrated ineffective assistance of counsel because "the Court was aware of the mitigating factors alleged in Petitioner's motion." (ECF No. 10 at PageID 28.) At sentencing, "when the Court asked Petitioner to tell the Court, in his own words, what he did in this case, Petitioner included the fact he had just been robbed and admitted he knew he should not have been in possession of a firearm." (*Id.*) Furthermore, Petitioner's counsel asked the Court to sentence Petitioner below the calculated Sentencing Guidelines range. (*Id.*)

On July 16, 2026, the Court noted that Petitioner had been released from custody on December 2, 2024. (ECF No. 19 at PageID 57.) Since then, Petitioner was "twice found in violation of his supervised release and served two separate periods of incarceration for those supervised release violations." (*Id.* at PageID 57-58.) Petitioner was released from that second period of incarceration on May 7, 2026. (*Id.* at PageID 58.) As noted by the Court, "[n]ot once during that time period did Petitioner advise the Court of any change of address in this case." (*Id.*) In its order, the Court directed that: (1) Petitioner file a change of address within fourteen (14) days; and (2) the Government file a supplemental response "addressing whether the issues raised in Petitioner's § 2255 Motion are moot given Petitioner's release from custody." (*Id.*)

Petitioner has not advised the Court of any change of address. On August 12, 2026, the Court received a supplemental response from the Government. (ECF No. 23.) The Government argues that Petitioner's § 2255 Motion is now moot because of Petitioner's release from custody and because the relief requested by Petitioner "can no longer affect the term of imprisonment that has already been fully served." (*Id.* at PageID 69.)

## ANALYSIS

### A. § 2255 Motion

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const. art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. Once the prisoner's sentence has expired, however, he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Id.*

Here, Petitioner does not challenge the validity of his conviction. Instead, Petitioner argues that he received ineffective assistance of counsel at sentencing because counsel failed to request a downward departure pursuant to U.S.S.G. § 5K2.1. (ECF No. 1 at PageID 3.) As relief, Petitioner asks that the Court "'correct his sentence' to reflect a reasonable departure based on mitigating factors presented here and the record in totality." (*Id.* at PageID 6.) Petitioner's sentence, however, has expired, and he has been released from custody. The Court, therefore, cannot grant the relief Petitioner seeks. Moreover, Petitioner fails to affirmatively show that he is suffering any collateral consequences from his completed sentence. For these reasons, Petitioner's § 2255 Motion is **DISMISSED AS MOOT**, and Petitioner's other motions (ECF Nos. 6 &14) are **DENIED AS MOOT**.

**B. Appeals Issues**

28 U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy

the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id.*; *see also id.* ("Again, a certificate is improper if *any* outcome-determinative issue is not reasonably debatable.").

There can be no question that Petitioner's § 2255 Motion is moot for the reasons previously stated. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good

faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[1]

**CONCLUSION**

Accordingly, Petitioner' § 2255 Motion is **DISMISSED AS MOOT**, and his other two pending motions (ECF Nos. 6 & 14) are **DENIED AS MOOT**. The Certificate of Appealability is **DENIED**. The Court **CERTIFIES** that an appeal would not be taken in good faith and **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**, this 30th day of September, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

[1] If Petitioner files a notice of appeal, he must also pay the full $605.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.